■ LONG ISLAND LIGHTING COMPANY, Doing Business as LONG ISLAND POWER AUTHORITY, Plaintiff, v COUNTY OF NASSAU et al., Defendants. (Action No. 1.) ELIZABETH CHACKO, Plaintiff, and RAJU MARACHERIL et al., Appellants, v COUNTY OF NASSAU, et al., Respondents. (Action No. 2.) (And Related Actions.) [894 NYS2d 758]—In four related actions, inter alia, to recover damages for personal injuries, Raju Maracheril and Shiby Maracheril, plaintiffs in action No. 2, appeal from an order of the

Supreme Court, Nassau County (Adams, J.), dated September 30, 2008, which granted that branch of the motion of the County of Nassau and Kevin Brevogel, and that branch of the cross motion of Jacob T. Chacko, defendants in action No. 2, which were for summary judgment dismissing the complaint in that action insofar as asserted against each of them by Raju Maracheril and Shiby Maracheril on the ground that neither Raju Maracheril nor Shiby Maracheril sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and those branches of the motion of the County of Nassau and Kevin Brevogel and the cross motion of Jacob T. Chacko, defendants in action No. 2, which were for summary judgment dismissing the complaint insofar as asserted by Raju Maracheril and Shiby Maracheril against each of them in that action are denied.

The record reveals the existence of a triable issue of fact as to whether either Raju Maracheril or Shiby Maracheril, plaintiffs in action No. 2 (hereinafter the appellants), suffered a medically-determined injury of a nonpermanent nature which prevented each of them from performing their usual and customary daily activities for 90 of the first 180 days following the subject accident (*see* Insurance Law § 5102 [d]). Accordingly, those branches of the motion of the defendants County of Nassau and Kevin Brevogel, and the cross motion of the defendant Jacob T. Chacko, which were for summary judgment dismissing the complaint insofar as asserted against them by the appellants in action No. 2 should have been denied (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

In light of our determination, we need not reach the parties' remaining contentions. Prudenti, P.J., Mastro, Florio and Austin, JJ., concur.